**In re Ann C. LENIHAN a/k/a Chasie Lenihan d/b/a William Chase & Company**

**and**

**William Jones d/b/a William Chase & Company, Debtors.**

**Bankruptcy Nos. BK–7900328, BK–7900329.**

United States Bankruptcy Court, D. Rhode Island.

May 6, 1980.

Louis A. Geremia, Providence, R. I., for debtors.

Christopher W. Parker, Boston, Mass., for U. S. trustee.

Allan M. Shine, Providence, R. I., for creditors' committee.

William H. Tucker, Boston, Mass., United States Trustee.

## MEMORANDUM OPINION

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on February 22 and 27, 1980 on the request of the United States Trustee for an order authorizing the appointment of an examiner. This request asserts that the proposed appointment is in the best interest of the estate because of a need to investigate allegations of fraud regarding the valuation of certain real property listed in the original schedule of assets of the debtor, and later amended downward. These allegations are set forth in a letter (attached to the subject request) written by a member of the creditors' committee to the United States Trustee, and which questions the basis of the amended valuation of said real estate. The United States Trustee also argues that an examiner is necessary to investigate a reported theft of inventory of the debtor, which alleged theft took place after the filing of the Chapter 11 petition.

A hearing was held immediately, on February 22, 1980, at which time the United States Trustee orally set forth the allegations contained in his request, and then rested his case. No evidence was presented in support of the request and at the conclusion of arguments, without more, the court ordered that the hearing be continued until February 27, 1980 so that witnesses, including the debtor's principal, could be called to testify regarding the matters raised by the United States Trustee as the basis for his request.

At the continued hearing on February 27, 1980, the United States Trustee repeated the allegations in his request and again rested his case, this time with full knowledge of the court's several admonitions that it was reluctant to grant relief solely on unsworn allegations, over the objection of both the Debtor and the Creditors' Committee, and with several material witnesses sitting right behind him. The United States Trustee offered no evidence in support of his request, and in fact expressly declined to do so. Rather, he stood by his position that as a matter of law, mere allegations of fraud are sufficient to mandate the appointment of an examiner, and that once the allegations are made, the court *must* authorize the appointment of an examiner, if it is in the best interest of the estate. The attorneys for the debtor and the creditors' committee who were present at the hearing likewise refused to present evidence, asserting that the request of the United States Trustee must be denied because mere allegations cannot be the sole basis for the appointment of an examiner.

The issue before this court appears to be one of first impression under the new Code. While the court would have preferred to hear evidence on the need for an examiner, particularly since necessary witnesses were in court and available to testify, we reluctantly agree to resolve the issue narrowly as presented by the parties.

The provisions of the Bankruptcy Code which authorize the appointment of both an examiner and a trustee are contained in § 1104, 11 U.S.C. § 1104.[1] Under § 1104(a),

---

1. Section 151104 of the Code, 11 U.S.C. § 151104, modifies this section to conform to the United States Trustee program, which is in effect in this district. Section 151104 is essentially identical to § 1104, except that it allows the United States Trustee to request the appointment of a trustee or an examiner and, after court approval, appoint a trustee or examiner. For convenience, we refer to § 1104 rather than § 151104, because of the legislative history available under § 1104.

which deals with the appointment of a trustee, the court is required to order the appointment of a trustee for cause, including fraud and other misconduct, or if the appointment would be in the interest of creditors, equity security holders, and the estate. Section 1104(b) deals with the method for appointment of an examiner. Under that provision, the court shall appoint an examiner where there has been an allegation of fraud or other misconduct if the appointment is in the interest of creditors, any equity security holders, and other interests of the estate; or if the debtor's unsecured debts exceed $5,000,000.

A review of the legislative history in this area of the Bankruptcy Code is helpful in understanding the intent of Congress in enacting the procedures for appointment of trustees and examiners. The original Senate version of the Bankruptcy Code, S. 2266, required the appointment of a disinterested trustee in any case involving a public company, defined in the statute as any debtor with not less than 1,000 security holders and with outstanding liabilities of $5,000,000 or more within twelve months of the filing date of the petition. *See, S.Rep.No.989, 95th Cong., 2d Sess. 114–15* (1978), U.S.Code Cong. & Admin.News 1978, p. 5787. This requirement reflected the concern of the Securities and Exchange Commission, *see, Levy, The Role of the Securities and Exchange Commission and the Judicial Functions Under the Bankruptcy Reform Act of 1978,* 54 *Am.Bankr.L.J.,* 29, 29–34 (Winter 1980), that the protections afforded stockholders of large public corporations under Chapter X of the Bankruptcy Act be retained. *See,* Bankruptcy Rule 10–202(a). The House version of the bill, H.R. 8200, contained no provision that a trustee be appointed based on the liabilities of a public corporation in a reorganization proceeding, but rather required the court to consider the appointment of a trustee on a case by case basis. *See, H.Rep. No.595, 95th Cong., 1st Sess. 104–05* (1977); *see e. g., In re Parr,* 1 B.R. 453, 5 Bank.Ct.Dec. 1143 (E.D.N.Y.,1979).

The final version which Congress adopted, H.R. 8200, incorporates aspects of both the House and Senate bills. The provisions governing the appointment of a trustee, 11 U.S.C. § 1104(a), now require either that some cause be shown why a trustee should be appointed, or that the court determine that such appointment is in the best interest of the estate. We perceive the intent of this procedure to give the court flexibility in handling the affairs of an insolvent debtor by permitting the court to tailor the remedy to the needs of the case. *See, H.Rep.No.595, 95th Cong., 1st Sess. 402–03* (1977), U.S.Code Cong. & Admin.News 1978, p. 5787. The provisions requiring mandatory appointment of trustees contained in the Senate version of the bill, *see S.Rep.No.989, 95th Cong., 2d Sess. 115* (1978), were deleted from the final version of the Bankruptcy Code. *See* 124 *Cong.Rec.* S17.403, 418–19 (daily ed. Oct. 6, 1978).

The only remnant of the public company exception is now found in the provisions governing the appointment of an examiner. 11 U.S.C. § 1104(b). Where there is an allegation of fraud or wrongdoing and the unsecured debt exceeds $5,000,000, there is a mandatory requirement that the court appoint an examiner. 11 U.S.C. § 1104(b)(2). However, where the unsecured debt is less than $5,000,000, the appointment of an examiner is discretionary, and rests on a determination by the court that such appointment would be in the best interests of creditors, equity security holders, and the estate; the same test used to determine whether the appointment of a trustee is warranted. *See* 124 *Cong.Rec.* S17.403, 419 (daily ed. Oct. 6, 1978). Thus, the public company exception in the Senate version of the Code, which required the mandatory appointment of both trustees and examiners, was compromised in the final version of the Code to require the appointment of an examiner *only* in those cases where the unsecured debt exceeds $5,000,000. Otherwise, the appointment of a trustee or an examiner is discretionary.

We are also influenced in interpreting § 1104 by the pre-code legislative and judicial pronouncements which uniformly favored the retention of the Debtor-in-Possession in arrangement proceedings, *except for cause shown*, and the substantial burden assumed by parties arguing for the appointment of a receiver. *See Bankruptcy Rule*, 11–18; 14 *Collier on Bankruptcy*, ¶ 11–18.03[2] (14th ed. 1976); *see also, In re Brookhollow Assoc.*, 435 F.Supp. 763 (D.Mass. 1977). The Code does not appear to have abolished this pre-code burden, as the United States Trustee seems to suggest, but clearly continues to favor the retention of the debtor-in-possession. *See* 124 *Cong.Rec.* S17.403, 418 (daily ed. Oct. 6, 1978).

The position of the United States Trustee is supported neither by the legislative history of the Bankruptcy Code, nor by the express language of § 1104(b). Section 1104(b) clearly requires notice, an opportunity to be heard, and court approval before an examiner can be appointed. If an examiner *must* be appointed, as suggested by the United States Trustee, on allegations alone, where the debtor has unsecured debts less than $5,000,000, why does this section require notice, hearing, and court approval if it did not contemplate a judicial consideration of the question, based on evidence?

Here, the request of the United States Trustee recites several allegations, which standing alone are insufficient to warrant the appointment of an examiner. Even the bare allegations, if accepted as true, do not indicate that the appointment of an examiner would serve the interests of the estate, and of course there has been no evidence presented upon which the court could make such a determination. 11 ·U.S.C. § 1104(b)(1). Indeed, the official creditors' committee, which is active and which has been following this situation closely, strongly opposes the request of the United States Trustee at this time, arguing that the expense of such appointment is not warranted.

Accordingly, the request of the United States Trustee for an order authorizing the appointment of an examiner is denied.

This decision, however, is without prejudice to the right of the United States Trustee to renew said request if and when it is willing to present evidence in support of its contention that an examiner is necessary—evidence, incidentally, that was probably available through the debtor and other witnesses who were present at both hearings. In view of the several more practical alternatives available to the United States Trustee, including the direct confrontation and examination of material witnesses, at no expense to the estate, we conclude that the manner in which the United States Trustee has chosen to proceed is inappropriate.

■ Since the parties, apparently on policy grounds, are seeking certain declaratory statements during the early operation of the Code, we feel compelled to respond also to the strenuous argument by Counsel for the Creditors' Committee with respect to this Court's new role—specifically with reference to the suggested limitation on the court's duty or ability to inquiry independently into relevant matters not brought out by counsel. We disagree entirely with the contention that under the Bankruptcy Code, the function of the Bankruptcy Judge is to consider *only* the evidence presented, and that the court is permitted no independent inquiry to determine what is in the interest of the estate. The question of the appointment of an examiner, and also of a trustee, is clearly one that is equitable and discretionary; will such an appointment benefit the estate of the debtor and the interests of creditors? A bankruptcy court, which must eventually pass upon questions of fairness, good faith, best interest, etc. prior to confirmation, *see*, 28 U.S.C. § 1481, cannot blindfolded by the tactical jockeying of the parties in determining what is in the interest of the estate. *See, Bankruptcy Rule*, 917; *Fed.R.Evid.* 201. *See also, Lemon v. Kurtzman*, 411 U.S. 192, 200–01, 93 S.Ct. 1463, 1469, 36 L.Ed.2d 151 (1973). These determinations go to the heart of the judicial responsibility of the court, and are not administrative functions preempted by the adoption of the Bankruptcy Code and· the advent of the United States Trustee Pilot Program.

This dictum, although not applicable to the case at bar, is supplied for the future information of parties seeking guidance in such matters during transition and while the Code experiences growing pains.