In re SHELTER RESOURCES
CORPORATION.

In re WINSTON INDUSTRIES, INC.

and

In re LANCER HOMES, INC., Debtors,
Debtors-in-Possession.

Bankruptcy Nos. B 82–3316, B
82–3317 and B 82–3318.

United States Bankruptcy Court,
N.D. Ohio, E.D.

Dec. 16, 1983.

Howard L. Sokolsky, Law Firm of Benesch, Friedlander, Coplan & Aronoff, Cleveland, Ohio, for debtors in possession.

Dean C. Harvalis, S.E.C., Chicago, Ill., Alan R. Lepene, Law Firm of Thompson, Hine & Flory, Cleveland, Ohio, for Commercial Credit Corp.

Arthur J. Tassi, Cleveland, Ohio, for Nat. City Bank.

ORDER DENYING MOTIONS FOR THE APPOINTMENT OF AN EXAMINER IN SHELTER RESOURCES CORPORATION PURSUANT TO SECTION 1104(b)(2) OF THE BANKRUPTCY CODE

WILLIAM J. O'NEILL, Bankruptcy Judge.

This matter came on for hearing upon the motions for the appointment of an examiner for Shelter Resources Corporation, debtor and debtor-in-possession ("Debtor"), filed by the Securities and Exchange Commission ("SEC") and National City Bank (the "Bank") in its capacity as indenture trustee and the motion of Commercial Credit Corporation ("Commercial Credit") to join the SEC's motion. The primary concern of movants was a pending shareholders' derivative action styled *Marvin Margolis v Joseph E. Cole, et al.,* Civil Action No. 6120 in the Court of Chancery of the State of Delaware. Hearings on all motions, with appropriate notice to parties in interest, were consolidated pursuant to this Court's order dated January 28, 1983. Argument in support of the motions was presented by counsel for the SEC. No testimony was presented at the hearing and no evidence was submitted in support of the combined motions. Counsel for the debtor presented arguments against the motions.

Subsequent to the hearing herein, a compromise and settlement of the shareholders'

derivative action was approved, pursuant to notice and hearing, in the Delaware Court and then in this Court. To this compromise and settlement no objections were entered by any party in interest or the SEC. Upon entry of the order confirming the settlement order of the Delaware Chancery Court, Commercial Credit withdrew its motion to join in the SEC's motion for the appointment of an examiner.

The Bank's motion, argued by counsel for the SEC, asserts as its only ground for the appointment of an examiner, that the debtor has "fixed, liquidated, unsecured debts, other than debts for goods, services, or taxes, or owing to an insider" that exceed Five Million Dollars ($5,000,000). The arguments presented in support of the bank's motion by counsel for the SEC pertain primarily to appointing an examiner to investigate the allegations made in the shareholders' derivative action and to review the fairness of any settlement, all of which are now moot by reason of the compromise and settlement.

The Court is presently confronted with requests to appoint an examiner in this case solely because the debtor may have certain unsecured indebtedness that exceeds Five Million Dollars ($5,000,000), notwithstanding the fact that the intended scope of an examiner's investigation has been rendered moot by the settlement and compromise of the shareholders' derivative action.

The appointment of an examiner would entail undue delay in the administration of this estate and most likely cause the debtor to incur substantial and unnecessary costs and expenses detrimental to the interests of creditors and parties in interest. There is currently in place a Debenture Holders' Committee with powers under Section 1103(c) of the Bankruptcy Code to carry on, if necessary, an investigation as may be appropriate. The appointment of an examiner under these circumstances, with the possibility of duplicated effort, is not in the spirit of economy of administration in the handling of bankruptcy estates.

No evidence has been offered to this Court indicating fraud, mismanagement or irregularities in the management of the debtor or the debtor-in-possession.

It is the opinion of this Court, therefore, that confronted with the facts and circumstances that presently exist in this particular case, to slavishly and blindly follow the so-called mandatory dictates of Section 1104(b)(2) is needless, costly and non-productive and would impose a grave injustice on all parties herein.

Therefore, upon statements of counsel and all other enumerated considerations herein, the Court finds the appointment of an examiner would serve no useful or beneficial purpose and is not in the best interests of the estate.

The motions for the appointment of an examiner are, therefore, denied.

IT IS SO ORDERED.