In re MECHEM FINANCIAL OF OHIO, INC., Debtor.

**Bankruptcy No. B88–3451.**

United States Bankruptcy Court, N.D. Ohio, E.D.

Nov. 7, 1988.

Saul Eisen, Harry Greenfield, Javitch & Eisen Co., L.P.A., Cleveland, Ohio, for debtor, debtor-in-possession.

Daniel M. McDermott, Office of the U.S. Trustee, Cleveland, Ohio.

G. Christopher Meyer, Squire, Sanders & Dempsey, Cleveland, Ohio, for Creditors Committee.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

This matter is before the Court upon the application of the U.S. Trustee for appointment of Trustee or Examiner.[1]  Following a hearing with notice thereof to all entitled parties and a review of the pleadings and other relevant portions of the record, the following constitutes the Court's findings, pursuant to the requirements of Rule 7052, Bankr. Rules.

This is a core proceeding under provisions of 28 U.S.C. § 157(b)(2)(A) and (O), with jurisdiction further conferred under 28 U.S.C. § 1334 and General Order No. 84 of this District.  The Debtor, Mechem Financial of Ohio, Inc., (Mechem), is a corporation handling trust funds advanced for funeral goods and services under a preneed funeral contract.  Mechem filed for Chapter 11 reorganization on September 9, 1988, and has remained as debtor-in-possession under §§ 1107 and 1108 of the Code.  A committee of unsecured creditors was appointed on October 6, 1988.

The "cause" for appointment of an examiner advanced by the U.S. Trustee is that the Debtor, prepetition, invested over $4.96 Million in trust funds in gold coins, which recently were appraised at $2.6 Million, that Debtor failed to place trust funds in a financial institution, as required by Ohio Revised Code § 1107.33, and that other assets of the Debtor have been misallocated among other Mechem-related corporations. Debtor states that it had believed it was in compliance with O.R.C. § 1107.33.  Since it discovered that it was not in compliance, it has hired a financial institution to act as independent trustee, has prepared new

---

1. The U.S. Trustee later limited his application to a request for appointment only of an examiner.

forms, and now is in compliance with the Ohio Code.

Under § 1104(b) of the Bankruptcy Code, the court shall appoint an examiner if—

(1) such appointment is in the interests of creditors, any equity security holders, and other interests of the estate; or

(2) the debtor's fixed, liquidated, unsecured debts, other than debts for goods, services, or taxes, or owing to an insider, exceed $5,000,000.00. § 1104(b)(1), (2).

Section 1104(b)(2) is inapplicable to the circumstances of this case, since debtor's assets clearly relate to goods and services rendered in the administration of the trust. Short of this mandatory provision, the appointment of an examiner is discretionary. *In re Lenihan,* 4 B.R. 209 (Bankr.D.R.I. 1980). The allegations of the U.S. Trustee are insufficient to indicate that the appointment of an examiner would serve the interests of the estate and its creditors. Debtor has now hired a financial institution to act as an independent trustee. The U.S. Trustee and the Committee of unsecured creditors provide further supervision of Debtor's activities. In fact, a creditor's committee under § 1103(c)(2) of the Code is authorized to perform investigations. No proof has been offered of dissipation of debtor's assets postpetition. While investment in gold coins may reveal poor business judgment, there is no evidence of dishonesty and fraud. Appointment of an examiner would impose another layer of expenses on the Debtor, to the detriment of unsecured creditors. *In re Shelter Resources Corp.,* 35 B.R. 304 (Bankr.N.D. Ohio E.D.1983).

The U.S. Trustee and Creditors' Committee can pursue recovery of any assets that might have been preferentially transferred prepetition; appointment of an examiner is not necessary to this process.

Therefore, the U.S. Trustee's application for appointment of an Examiner is denied, the U.S. Trustee having failed to meet his burden of proof that appointment is required or warranted.

IT IS SO ORDERED.